Entered on Docket
July 21, 2011

_____
Hon. Mike K. Nakagawa
United States Bankruptcy Judge

GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
CANDACE C. CLARK, ESQ.
Nevada Bar No. 11539
E-mail: cclark@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
[Proposed] Attorneys for Beltway One
 Development Group LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

BELTWAY ONE DEVELOPMENT GROUP LLC,

Debtor.

Case No.:  11-21026-MKN
Chapter 11

Initial Hearing:
Date:  July 19, 2011
Time:  10:30 a.m.

Final Hearing:
Date:  August 30, 2011
Time:  2:30 p.m.

**INTERIM ORDER RE:  EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER PURSUANT TO BANKRUPTCY RULE 4001(b) AND LR 4001(b):  (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL BY DEBTOR; AND (2) SCHEDULING A FINAL HEARING TO DETERMINE EXTENT OF CASH COLLATERAL AND AUTHORIZE USE OF CASH COLLATERAL BY DEBTOR**

Beltway One Development Group LLC, a Nevada limited liability company, ("Debtor"), debtor and debtor-in-possession, filed its *Emergency Motion for Entry of an Interim Order*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102506-003/1261560_2.doc

*Pursuant to Bankruptcy Rule 4001(B) and LR 4001(b): (1) Preliminarily Determining Extent of Cash Collateral and Authorizing Interim Use of Cash Collateral by Debtor; and (2) Scheduling a Final Hearing to Determine Extent of Cash Collateral and Authorizing Use of Cash Collateral by Debtor* (the "Motion")[1] [ECF No. 4], which was heard and considered by the above-captioned Court on July 19, 2011 (the "Initial Hearing"). Debtor appeared by and through its proposed counsel, the law firm of Gordon Silver. Wells Fargo Bank, N.A. ("Wells Fargo"), who filed an objection to the Motion ("Objection"), appeared by and through its counsel, the law firms of Bryan Cave, LLP, and Lewis and Roca, LLP. All other appearances were duly noted on the record at the Initial Hearing.

The Court read and considered the Motion and the Nigro Declaration submitted in support of the Motion, the Objection, and the others papers and pleadings on file in the Chapter 11 Case. The Court entertained the argument of counsel and finds that the Debtor will suffer immediate and irreparable harm without entry of this Order. Based upon the foregoing, and other good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Debtor is authorized to use Cash Collateral, which use must be in accordance with the Budget attached as Exhibit "1" to the Nigro Declaration, inclusive of the variances requested in the Motion, for the period of the Petition Date through the Final Hearing on the Motion.

2. Notice of the interim hearing of the Motion was appropriate under the circumstances of the Chapter 11 Case and in order to avert potentially immediate and irreparable harm to the Debtor.

3. Pursuant to 11 U.S.C. §552, Wells Fargo is granted replacement liens on and security interests in all existing and hereafter acquired property and assets of Debtor of every kind and character, to the extent and in the same validity, priority and enforceability as held by Wells Fargo to the extent necessary to adequately protect Wells Fargo from any diminution in the value of its security interests in property of Debtor's estate from the Petition Date to the final

---

[1] Unless otherwise indicated, all undefined capitalized terms herein shall have the meaning as set forth in the Motion.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102506-003/1261560_2.doc

2

1  hearing date as a result of the entry of this Order and the use of cash collateral authorized hereby.

2      4.     Nothing in this Order shall constitute a finding that the interests of Wells Fargo in Debtor's case are adequately protected. Nothing in this Order shall constitute a determination of the validity, priority or extent of any lien or security interest claimed by Wells Fargo against the property or assets of Debtor or Debtor's estate. All of the respective rights and claims of Wells Fargo, Debtor, and Debtor's estate are reserved and preserved by this Order.

    5.     Any opposition to final relief requested in the Motion shall be in writing and filed by August 16, 2011. Any such opposition shall be served in accordance with Fed. R. Bankr. P. 2002. Any replies to such oppositions shall be filed and served by August 23, 2011.

    6.     The Court shall hold a Final Hearing on the Motion on August 30, 2011, at 2:30 p.m.

Any stay of the relief granted herein pursuant to Bankruptcy Rules 6003 and 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GORDON SILVER

By: /s/ Candace Clark
GERALD M. GORDON, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
CANDACE C. CLARK, ESQ.
3960 Howard Hughes Parkway, 9th Flr.
Las Vegas, Nevada 89169
[Proposed] Attorneys for Beltway One Development Group LLC

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102506-003/1261560_2.doc

3

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102508-003/1261560_2.doc

4