GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
CANDACE C. CLARK, ESQ.
Nevada Bar No. 11539
E-mail: cclark@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BELTWAY ONE DEVELOPMENT GROUP LLC,<br><br>Debtor. | Case No.: 11-21026-MKN<br>Chapter 11<br><br>Date:  n/a<br>Time:  n/a |

### NOTICE OF DEADLINE FOR NON-DEBTOR PARTIES-IN-INTEREST TO OBJECT TO THE INVESTIGATION AND CHALLENGE PERIOD SET FORTH IN SECTION N OF THE STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

**NOTICE IS HEREBY GIVEN** that on September 13, 2011, Beltway One Development Group LLC ("Debtor"), debtor and debtor-in-possession, filed its *Stipulation Authorizing Use of Cash Collateral and Granting Adequate Protection*[1] [ECF No. 63] (the "Cash Collateral Stipulation"). In open Court on September 15, 2011, the Court approved the Cash Collateral Stipulation in all respects, except that all non-Debtor parties-in-interest shall have up to and including **October 31, 2011** to object to Section n of the Cash Collateral Stipulation, which provides as follows:

---

[1] All undefined, capitalized terms shall have the meanings ascribed to them in the Cash Collateral Stipulation.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102506-003/1327282

     n.     **<u>Investigation and Challenge Period.</u>** Debtor shall have seventy-five (75) days from the Petition Date to bring any adversary proceeding under Sections 544, 545, 547, 548, and/or 550, and similar provisions of the Bankruptcy Code as to payments made prepetition by Debtor to Lender. Any other party-in-interest with the requisite standing shall have seventy-five (75) days from the Petition Date to: (i) challenge the accuracy of any of the contentions contained in the Recitals of this Stipulation; or (ii) bring any avoidance claims under Sections 544, 545, 547, 548, 549, and/or 550, and similar provisions of the Bankruptcy Code as to Lender's liens, claims, and Collateral. The time periods set forth in this paragraph shall be referred to herein as the "<u>Investigation and Challenge Period</u>."

If Debtor and/or any other party-in-interest with standing does not challenge the accuracy of the contentions contained in the Recitals by the deadlines set forth in the foregoing paragraph, then, subject to the Parties' respective reservations of rights set forth in this Stipulation: (i) the Prepetition Secured Debt shall constitute allowed claims in the amount set forth in Recital 4 of this Stipulation for all purposes in the Bankruptcy Case and any subsequent Chapter 7 case; (ii) Lender's prepetition security interest and lien on the Collateral shall be deemed legal, valid, binding, perfected, and otherwise unavoidable to the extent permitted under applicable law; (iii) the Prepetition Secured Debt in the amounts set forth in Recital 4 of this Stipulation and Lender's prepetition security interest and lien on the Collateral shall not be subject to subordination, avoidance, or any other or further challenge by any party-in-interest seeking to exercise the rights of Debtor's estate, including, without limitation, any successor thereto; and (iv) as a result of the foregoing, the repayment of any postpetition non-default interest to Lender in accordance with the terms of this Stipulation shall constitute an indefeasible payment and shall be final and binding for all purposes.

For the avoidance of doubt, the foregoing provision does not: (i) limit or impair the right of Debtor to demand an accounting of all postpetition sums claimed due and owing by Lender; (ii) preclude Debtor from contesting the extent of Lender's lien on the Disputed Cash Collateral within the Investigation and Challenge Period; (iii) preclude Debtor from seeking authorization from the Bankruptcy Court to use Cash Collateral and Disputed Cash Collateral in the event of the termination of this Stipulation or Lender's right to object to or defend against any contest or proposed use of Cash Collateral and Disputed Cash Collateral; (iv) preclude Debtor from seeking to cure and reinstate the Prepetition Secured Debt pursuant to Section 1124 or Lender from objecting to and defending against such cure and reinstatement, or (v) bind any person or entity having guaranteed repayment of the Prepetition Secured Debt in any proceeding other than the Bankruptcy Case.

**NOTICE IS FURTHER GIVEN** that if you object to Section n of the Cash Collateral Stipulation, then you must file an objection with the Court, and serve a copy on Gordon Silver, Attn: Talitha Gray Kozlowski, Esq., 3960 Howard Hughes Parkway, Ninth Floor, Las Vegas, Nevada 89169 and Bryan Cave LLP, Attn: Edward Zachary, Esq., Two North Central Avenue,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102506-003/1327282

2

Suite 2200, Phoenix, Arizona, 85004. The objection must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014(c).

**NOTICE IS FURTHER GIVEN** that if an objection to Section n of the Cash Collateral Stipulation is not filed on or before October 31, 2011, or the Court overrules any such filed objection, Section n of the Cash Collateral Stipulation shall be approved in its entirety on a final basis and you will be bound by its terms.

DATED: September 16, 2011.

GORDON SILVER

By: _____
GERALD M. GORDON, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
CANDACE C. CLARK, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102506-003/1327282

3